KLEIN, Judge.
Appellant, who owned his own business, was the insured under an overhead insurance policy issued by appellee insurer, which would reimburse the insured for business expenses if he became disabled. The policy contained a provision allowing the insured to exchange it for a disability income policy. After selling his business, the insured attempted without success to exercise the option to obtain disability income insurance, and filed this suit. The trial court concluded that he was not eligible because he was not at that time earning income. We affirm.
The insured sold his business in November 1998 for $1,200,000. The insurance policy in effect at the time of the sale of the business would have reimbursed him for business expenses if he became disabled, and contained the following exchange provision:
You can exchange this policy for any disability income policy we offer for this purpose on the date you want to make the exchange. You must request the exchange in writing ...
The following conditions apply to this new policy:
The monthly benefit for total disability that you choose cannot exceed this policy’s Monthly Benefit for Total Disability. Also the monthly benefit cannot exceed an amount which, if added to your disability benefits from other sources, would exceed the maximum monthly benefit we offer to new applicants on the date of the exchange.
When the insured attempted to exchange his overhead policy to a disability income policy, the insurer refused to issue a disability income policy, because the insured did not have earned income, i.e., wages or salary, after the sale of his business. Relying on the exchange provision which provides that *595 monthly benefits under a disability policy cannot “exceed the maximum monthly benefit we offer to new applicants on the date of the exchange,” the insurer refused to make the exchange because it does not issue disability income policies to new applicants who do not have earned income. In other words, the maximum monthly benefit the insurer would offer a new applicant who did not earn income would be zero.
The trial court found as a matter of fact that the insured was not entitled to have a disability policy issued because of this limitation in the exchange provision. That finding is supported by evidence demonstrating that the insured did not have earned income after the sale of his business and that the insurer does not issue disability income policies to people who do not have earned income. As the insurer underwriter explained in her testimony, the purpose of disability income insurance is to replace income if the insured is unable to pursue his or her occupation because of an accident or sickness. See also 1 Couch on Insurance 3d § 1:65, at 1-86 to 1-87 (1995) and 1 Appleman Insurance Law and Practice § 23, at 60 (1997)(disability insurance protects an individual’s inability to earn the salary or wages to which he or she was accustomed to earning).
Judge Farmer concludes that the insurer would be required to issue the policy with a $10,000 monthly benefit, even though the insured has no earned income, and is thus not entitled to benefits if he becomes disabled. That position, in our opinion, cannot be reconciled with the condition limiting the monthly benefit chosen by the insured to what is offered new applicants, and the evidence that new applicants who have no earned income are not eligible to purchase disability insurance.
Nor do we agree with the dissent that the insurer waited until trial to raise the issue of no earnings. Although the record does not contain the insurer’s answer, the insurer’s motion for summary judgment, filed forty days prior to trial, was grounded on the fact that the insured had no earnings and was therefore not eligible to purchase a disability policy. The insured successfully opposed the motion, arguing that he did have earnings, only to have his position rejected at trial.
Affirmed.
GUNTHER, J., concurs.
FARMER, J., dissents with opinion.